UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                          :

PRIMEX PLASTICS CORPORATION,      :

                        :

             Petitioner,       :        13 Civ. 321 (PAE)

                        :

        -v-               :       OPINION & ORDER

                        :

                        :

TRIENDA LLC,                :

                        :

            Respondent.      :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, United States District Judge:

On January 15, 2013, petitioner Primex Plastics Corporation ("Primex") filed this petition to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"). Dkt. 1–2. On February 8, 2013, the Court issued a scheduling order directing Primex to file and serve any additional materials with which it intended to support its petition. Dkt. 3. On February 13, 2013, Primex submitted its memorandum of law and supporting declaration. Dkt. 4–5.

The Court's February 8 Order also directed respondent TriEnda LLC ("TriEnda") to respond to Primex's motion by March 4, 2013. Primex served its moving papers and the Court's order on TriEnda on February 13, 2013. Dkt. 6. TriEnda did not submit a response.

For the following reasons, the petition to confirm the arbitration award is granted.

I.      **Background**[1]

On January 14, 2008, Primex and TriEnda entered into a written credit agreement ("the agreement").  Basil Decl. Ex. A.  The agreement provided that TriEnda could purchase items from Primex on credit.  It set out the certain credit terms governing purchases, including when payment would be due, the interest rate for late payments, etc.  The agreement also included an arbitration clause, which stated:

> Any controversy or claim arising out of or relating to any order placed with Primex, or any claimed modification or termination thereof, shall be settled in arbitration in New York City, New York, in accordance with the rules of the American Arbitration Association, and shall be enforceable in any court having competent jurisdiction.

*Id.*

On April 27, 2011, Primex submitted an arbitration demand against TriEnda to the American Arbitration Association ("AAA").  Primex alleged that TriEnda began to fall behind in its payments in July 2009, failed to notify Primex that it had become insolvent, and ultimately failed to pay Primex the money it was owed, in breach of the agreement.  Primex brought claims for breach of contract, account stated, unjust enrichment, conversion, fraudulent transfer, and deceptive trade practices.  Primex sought compensatory, consequential, punitive and incidental damages, equitable relief, seller's remedies, and fees and costs.

Pursuant to the agreement and the AAA Rules, a three-person arbitration panel was selected by the parties.  Basil Decl. ¶ 51; *id.* Ex. A.  However, after the selection of the panel, Primex and TriEnda agreed to settle their dispute and submitted a proposed arbitration award to reflect their settlement.

---

[1] The Court's account of the underlying facts of this case is drawn from Primex's pleadings and its submissions in support of the instant motion, including the April 27, 2011 arbitration demand and the December 13, 2012 consent award of the arbitral panel.  Except where specifically referenced, no further citation to these sources will be made.

In October 2012, the parties submitted a signed stipulation agreeing that judgment be entered against TriEnda on Primex's contract-based causes of action (*i.e.*, breach of contract, account stated, and unjust enrichment) in the amount of $2,667,055.77.  Primex agreed to dismiss, without prejudice, its remaining claims.  That stipulated judgment was entered by the AAA panel in a December 5, 2012 Consent Award of Arbitrators Upon Parties' Stipulation. Basil Decl. Ex. C (the "Consent Award").

## II.     Discussion

The FAA provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it."  *Hall St. Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).  But "[a]rbitration awards are not self-enforcing."  *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St.*, 552 U.S. 576.  Rather, "they must be given force and effect by being converted to judicial orders by courts."  *D.H. Blair*, 462 F.3d at 104.

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation."  *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standards Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)).   "To ensure that the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met, arbitration awards are subject to very limited review."  *NYKcool A.B. v. Pac. Fruit Inc.*, No.

10 Civ. 3867 (LAK)(AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting recent Second Circuit cases).  Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached."  *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

Here, although TriEnda has not appeared in this case or responded to Primex's motion for confirmation, default judgment is inappropriate.  The Second Circuit has made clear that the default judgment procedure set by Federal Rule of Civil Procedure 55 "does not operate well in the context of a motion to confirm or vacate an arbitration award."  *D.H. Blair*, 462 F.3d at 107. "While Rule 55 is meant to apply to situations in which only a complaint has been filed 'and the court thus has only allegations and no evidence before it,' 'a motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference.'"  *N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Const., Inc.*, No. 11 Civ. 03015 (RJH), 2011 WL 5103349 (S.D.N.Y. Oct. 27, 2011) (alteration in original) (quoting *D.H. Blair*, 462 F.3d at 109).

Therefore, "generally a district court should treat an unanswered . . . petition to confirm [or] vacate as an unopposed motion for summary judgment."  *D.H. Blair*, 462 F.3d at 110. Accordingly, the Court treats the petitioner's motion as one for summary judgment under Rule 56, rather than one for default judgment under Rule 55.

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the burden of demonstrating the absence of a

question of material fact.  In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).  To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

However, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial . . . .").  Similarly, on an unopposed motion for confirmation of an arbitration award,

> a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.  If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*."

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Here, there is no arbitration award decision to review, because the award was entered on consent of both parties, and the arbitral panel served only to approve and memorialize the award. Before the Court, however, is the credit agreement, which includes an arbitration clause; Primex's arbitration demand; and the parties' jointly-signed Consent Award.  On that record, and on the very limited review that is appropriate, the Court concludes that Primex has shown there is no material issue of fact for trial.  TriEnda consented to the award entered against it, and there is at least, and likely more than, a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797.  Accordingly, the Court confirms the Consent Award of $2,667,055.77 in favor of Primex.

## CONCLUSION

For the reasons stated above, the Court enters judgment in favor of Primex in the amount of $2,667,055.77.  The Clerk of Court is directed to close the case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 3, 2013
    New York, New York